UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| CHRISTIAN JOHNSON, | CASE NO. 5:26-CV-137-KKC |
| **Plaintiff,** | |
| v. | **OPINION and ORDER** |
| AT&T MOBILITY SERVICES, LLC, | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on Plaintiff Christian Johsnon's motion for leave to file Second Amended Complaint. (R. 9.)

## I.  BACKGROUND

On April 17, 2026, Defendant AT&T Mobility Services, LLC ("AT&T") filed a notice of removal. (R. 1.) On May 8, 2026, AT&T filed a motion to dismiss Johnson's complaint. (R. 5.) Johnson subsequently tendered an Amended Complaint pursuant to Fed. R. Civ. P. 15(a). (R. 6.) AT&T moved to dismiss Johnson's Amended Complaint. (R. 7.) Johnson then simultaneously filed a response to AT&T's motion to dismiss (R. 8), as well as a motion to file a Second Amended Complaint (R. 9).

## II.  ANALYSIS

Pursuant to Federal Rule of Civil Procedure 15, the Court must "freely" give the plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether justice requires the amendment, the Court should consider the circumstances, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Pittman ex rel. Sykes*

*v. Franklin*, 282 F. App'x 418, 425 (6th Cir. 2008) (quoting *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001)). Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade,* 259 F.3d at 458–59.

This case presents such circumstances where justice requires allowing Johnson leave to amend. Johnson has timely responded to each of AT&T's motions to dismiss. All of Johnson's filings have been served on AT&T, giving them adequate notice. Johnson has not demonstrated bad faith, or a repeated failure to cure deficiencies. Upon review of his original complaint, amended complaint, and second amended complaint, the later filings attempt to correct the deficiencies of the former, which suggests that granting leave to file would not be futile. Specifically, the proposed Second Amended Complaint addresses issues raised in AT&T's motions to dismiss and adds more relevant facts. At this early stage of the litigation AT&T will not be prejudiced by allowing Johnson leave to file the Second Amended Complaint. Due to the liberal nature of Rule 15 and because the *Wade* factors fall in favor of Johnson, the Court will allow Johnson to file his Second Amended Complaint.

### III. CONCLUSION

For the aforementioned reasons, the Court hereby ORDERS the following:

1) Plaintiff's motion to file a Second Amended Complaint (R. 9) is GRANTED.

2) The Clerk of Court is DIRECTED to file the tendered Second Amended Complaint (R. 9-1) into the record.

3) The Defendant's motions to dismiss (R. 5, 7) are DENIED AS MOOT. Defendant may reassert any of the arguments made in its previous motions and may also assert any other appropriate arguments for dismissal or of judgment on the Second Amended Complaint as provided in the Federal Rules of Civil Procedure.

2

This 7th day of July, 2026.



**Signed By:**

***Karen K. Caldwell*** *KKC*

**United States District Judge**